IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD LEE KIDWELL,

      **Plaintiff,**

      v.                                                                                          CASE NO. 21-3191-SAC

(FNU) LEIVEN, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in pretrial detention at the Johnson County Adult Detention Center in Olathe, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On August 27, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 6) and Amended Complaint (Doc. 5).

The Court found in the MOSC that Plaintiff's claim that privileges were taken away due to the filing of grievances and that the cameras and other inmates will prove his claims, was vague and failed to provide any specific factual allegations to support a claim for relief based upon harm to Plaintiff. The Court cautioned Plaintiff that he must provide specific allegations of fact and must explain why the challenged conduct violated his protected rights.

The Court held in the MOSC that an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere

1

allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).  "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

The Court also found that Plaintiff's broad and conclusory claim of discrimination likewise failed to state a claim.  To allege an equal protection violation, a plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Plaintiff does not allege that he was treated differently on the basis of class membership. To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive.  *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. Plaintiff's Amended Complaint, like his original Complaint, claims "Institutional Injustices" in Count I and "Violation of Grievance Procedures" in Count II.  Plaintiff claims the Captain and Sheriff allowed staff to revoke privileges due to inmate grievances.  Plaintiff does not state what privileges were allegedly revoked, but seeks to have his original privileges given back and to stop any and all retaliation by staff.  Plaintiff also seeks to fine every officer involved $500 and to suspend all staff members for thirty days without pay.  Plaintiff has been advised in his other cases that fines and suspensions are not proper remedies.  *See Kidwell v. Menning*, Case No. 21-3214-SAC and *Kidwell v. Smith*, Case No. 21-3221-SAC.

The Court's MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice." (Doc. 4, at 6.)   Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and Plaintiff has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated October 26, 2021, in Topeka, Kansas.

S/ Sam A. Crow
**SAM A. CROW
SENIOR U. S. DISTRICT JUDGE**